**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

DAVID TOM, individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

CONSIDER SOLAR, LLC

*Defendant.*

Case No. 1:24-cv-1100

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff David Tom ("Plaintiff" or "Ms. Tom") brings this Class Action Complaint and Demand for Jury Trial against Defendant Consider Solar, LLC to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls to numbers on the National Do Not Call Registry and using artificial or pre-recorded voice messages to residential telephone numbers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Tom, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. INTRODUCTION

1. Nature of Action. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain

for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't restrict robocalls.

3. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity.

It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

6. Plaintiff David Tom is an individual residing in the Middle District of Florida in this District.

7. Defendant Consider Solar, LLC is a Virginia limited liability company with its principal place of business and headquarters in this District.

8. Defendant engages in telemarketing from this District, as it did with Plaintiff.

## III. JURISDICTION AND VENUE

9. Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227.

10. Personal Jurisdiction. This Court has general personal jurisdiction over Consider Solar because it is headquartered and has its principal place of business in Virginia.

11. Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as the calls were sent and orchestrated from this District.

## IV. BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted

telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A. The Do Not Call Registry**

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and

Case 1:24-cv-01150-RDA-WEF Document 1 Filed 08/27/24 Page 6 of 20 PageID# 6

provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. The TCPA prohibits pre-recorded calls to Residential Phones.**

18. The TCPA makes it unlawful to make prerecorded telemarketing calls using an artificial or prerecorded voice to any telephone number assigned to a residential telephone line. *See* 47 U.S.C. § 227(b)(1)(B).

19. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

20. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

21. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls

> that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## V. FACTUAL ALLEGATIONS

22. Consider Solar is a company that generates leads on behalf of various solar companies in order that those companies might obtain new customers who are interested in purchasing solar panels.

23. In order to generate leads of purportedly interested customers it will then sell to solar installation companies, Consider Solar relies on illegal telemarketing.

24. Consider Solar then attempts to sell potentially interested customers on the idea of purchasing solar panels before selling their information on to a solar company, who will then sell them the actual panels, including using video presentations about the benefits and drawbacks of solar and estimate costs.

25. Recipients of these telemarketing calls, including Plaintiff, did not consent to receive such calls.

26. Those telemarketing calls violate the TCPA when they are made with pre-recorded messages or to residential numbers on the National Do Not Call Registry.

27. Plaintiff Tom's telephone number, (321)-7XX-XXXX, is a residential copper landline that he has registered on the National Do Not Call Registry and has been continuously on the Registry since 2003.

28. Plaintiff's Tom's cellular number, (321)-9XX-XXXX, is a residential cellular telephone number that he has registered on the National Do Not Call Registry and has been continuously on the Registry since 2003.

29. Mr. Tom's telephone numbers are used for residential, personal, family, and household purposes.

30. The numbers are residential telephone lines because they are assigned to telephone exchange services for consumers and are not assigned to telephone exchange services for businesses.

31. Despite this, Mr. Tom received at least 3 illegal, prerecorded calls from Consider Solar.

32. These calls all came from the same caller ID 571-496-7202, a number which is associated with Consider Solar and lies within this Court's territorial jurisdiction.

Case 1:24-cv-01150-RDA-WEF Document 21 Filed 08/22/24 Page 9 of 20 PageID# 9

33. This number has been flagged as a solar scam by multiple call reporting services, and reflect at least 3,404 calls to those services' subscribers, including RoboKiller, and NoMoRobo, the winner of an FCC award. *See* https://lookup.robokiller.com/p/571-496-7202, https://www.nomorobo.com/lookup/571-496-7202.

34. The first such call was on June 6 at 12:16j from the caller ID 571-496-7202 to the 321-7XX-XXXX number. This call started off with a robot voice saying they were "Brian" with "your local solar company."

35. The second such call was on June 8 at 13:28j from the same caller ID 571-496-7202 with the same robot, "Brian" with "your local solar company." This call, however, was placed to the 321-9XX-XXXX number.

36. The third such call was on June 8, 2024 at 18:25j from the same caller ID 571-496-7202, with the same robot, "Brian" with "your local solar company." This call, however, was placed to the 321-7XX-XXXX number.

37. The calls were clearly pre-recorded because (a) the robot's questions were sometimes cut off, (b) the robot had a generic, monotone voice and had an unnatural cadence and rhythm when speaking, (c) it would be illogical for a human to call someone and play various scripted questions without the ability to engage in dialogue, including small talk about the Stanley Cup, (d) the Plaintiff sometimes

needed to repeat his responses multiple times to the robot to advance, and (e) the robot eventually transferred the Plaintiff to an individual who was clearly human.

38. The Plaintiff eventually spoke to a human being who confirmed the Plaintiff's information and stated that a solar specialist would reach out to the Plaintiff the following day.

39. The Plaintiff also received text messages from 571-600-6556 confirming this illegal, non-consentual encounter:




40. All of the calls were telemarketing calls designed to sell the Plaintiff solar panels.

41. Ultimately, as a result of the calls, the Plaintiff was able to affirmatively identify the caller as Alfonso Torres at Consider Solar, as evidenced by an email sent to the Plaintiff:




42. As a result of the calls, Mr. Torres also sent the Plaintiff a video with questions and answers and attempted to sell the Plaintiff solar panels:




43. After counsel for Plaintiff reached out to Consider Solar, Consider Solar deleted and therefore spoliated this video evidence.

44. Further supporting the Plaintiff's allegations that the calls were pre-recorded calls, the screenshot from the video includes bookmarks to various AI platforms, including ChatGPT and other AI-assisted marketing tools.

45. The video presentation also pitched the Defendant's website:




46. Mr. Tom did not provide his prior express written consent to Defendant to receive the calls.

47. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular and residential telephone lines, rendering

them unavailable for legitimate communication, including emergency communications so uniquely suited toward copper landlines.

## VI. CLASS ACTION ALLEGATIONS

48. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the following Classes (the "Classes") defined as follows:

> **Consider Solar Pre-recorded Call Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Who received calls from or on behalf of Consider Solar on their cellular or residential telephone number (2) using a pre-recorded voice message

> **Consider Solar Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Consider Solar (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

49. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

Case 1:24-cv-01105-RDA-WEF Document 1 Filed 06/28/24 Page 14 of 21 PageID# 14

51. The potential members of the Classes number at least in the thousands.

52. Individual joinder of these persons is impracticable.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. Plaintiff is a member of each of the Classes and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

55. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

56. This class action complaint seeks injunctive relief and money damages.

57. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant is directly or vicariously liable for the calls at issue;

b. whether Defendant systematically made calls with pre-recorded messages to cellular or residential phones;

c. whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

d. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

58. Plaintiff's claims are typical of the claims of the Classes.

59. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

60. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

61. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question

concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

62. A class action is the superior method for the fair and efficient adjudication of this controversy.

63. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

64. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's

behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Pre-Recorded Call Class)**

65. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

66. Defendant transmitted unwanted solicitation telephone calls to Plaintiff Mr. Tom and the other members of the Pre-recorded Class using a pre-recorded voice message, or others did so on its behalf.

67. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Mr. Tom and the other members of the Pre-recorded Class.

68. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii) and/or 47 U.S.C. § 227(b)(1)(B). As a result of Defendant's conduct, Plaintiff Mr. Tom and the other members of the Pre-recorded Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

Case 1:24-cv-01105-RDA-WEF Document 1 Filed 06/22/24 Page 18 of 20 PageID# 18

**<u>SECOND CAUSE OF ACTION</u>**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Class)**

69. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

70. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

71. Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry, or by the fact that others did so on their behalf.

72. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

73. Plaintiff and National Do Not Call Registry Class members are each entitled to an award of treble damages if Defendant's actions are found to have been knowing or willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the classes; and

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

C. Such other relief as the Court deems just and proper.

## VII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: June 24, 2024

PLAINTIFF,
By his attorney

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800

Case 1:24-cv-01105-RDA-WEF Document 1 Filed 06/24/24 Page 20 of 20 PageID# 20

wprlegal@gmail.com

/s/ *Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**